**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| TIMOTHY ROBINSON, | : | |
|  | : | Civil Action |
| Plaintiff, | : | 08-499 (RMB) |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| DADE D. WERB and | : | |
| LAWRENCE M. SULLIVAN, | : | |
|  | : | |
| Defendants. | : | |

**APPEARANCES:**

> TIMOTHY ROBINSON, Plaintiff pro se
> SBI # 524313
> Howard R. Young Correctional Institution
> Wilmington, Delaware 19809

**Renée Marie Bumb, District Judge**

Plaintiff TIMOTHY ROBINSON ("Plaintiff"), currently confined at the Howard R. Young Correctional Institution ("HYRCI"), Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the

reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff brings his § 1983 action against Delaware public defenders Dade D. Werb ("Werb") and Lawrence M. Sullivan ("Sullivan").[1]  Sullivan is the Public Defender of the State of Delaware.

Plaintiff alleges that he has not seen his public defender in four months, his public defender was not present at his arraignment, there is a lack of communication, and his public defender has not shown any commitment, dedication or interest in his case.  Plaintiff asks that Defendants be terminated from

---

[1] Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

their place of employment, that the bar association be contacted regarding Defendants' actions, and that his record be expunged.

## II.   STANDARDS FOR <u>SUA</u> <u>SPONTE</u> DISMISSAL

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v. Pardus</u>, –U.S.–, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to

give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id.  (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

Page -4-

element." Id. at 234.  However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i).  See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. DISCUSSION**

Plaintiff names as Defendants Delaware Public Defenders Werb and Sullivan.  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.  Polk County v. Dodson, 454 U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005).  It may be that Defendant Werb is an attorney in private practice.  Regardless, it matters not, as neither Defendant is "clothed with the authority of state law"

and they are not considered state actors.  See <u>Reichley v. Pennsylvania Dep't of Agric.</u>, 427 F.3d 236, 244-45 (3d Cir. 2005); <u>Biener v. Calio</u>, 361 F.3d 206, 216-17 (3d Cir. 2004)

**IV. CONCLUSION**

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against all Defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An appropriate order accompanies this Opinion.

<u>s/Renée Marie Bumb</u><br>
**Renée Marie Bumb**<br>
**United States District Judge**

Date: <u>October 10, 2008</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| TIMOTHY ROBINSON, | : | |
|  | : | Civil Action |
| Plaintiff, | : | 08-499 (RMB) |
|  | : | |
| v. | : | **O R D E R** |
|  | : | |
| DADE D. WERB and | : | |
| LAWRENCE M. SULLIVAN, | : | |
|  | : | |
| Defendants. | : | |

For the reasons stated in the Opinion filed herewith,

IT IS on this 10th day of October 2008,

**ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted; and it is finally

**ORDERED** that the Clerk shall serve copies of this Order and accompanying Opinion upon Plaintiff by regular U.S. mail and close the file in this matter.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**